UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THERESA CRAIG AND DENISE RUNDLE, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| MERRIMACK VALLEY HOSPITAL, A STEWARD FAMILY HOSPITAL, INC. and DIANE LOVALLO, | ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Merrimack Valley Hospital, A Steward Family Hospital, Inc. ("MVH") and Diane Lovallo (collectively, "Defendants") hereby notice the removal of this action commenced against them in the Superior Court of the Commonwealth of Massachusetts, Essex County, captioned *Theresa Craig and Denise Rundle v. Merrimack Valley Hospital, A Steward Family Hospital, Inc. and Diane Lovallo.*, Civil Docket No. 13-656, to the United States District Court for the District of Massachusetts. The grounds for removal are as follows:

1. Plaintiffs served their Summons, Civil Action Cover Sheet, and Complaint in this matter on MVH no earlier than May 7, 2013.

2. Plaintiffs served their Summons, Civil Action Cover Sheet, and Complaint in this matter on Diane Lovallo no earlier than May 9, 2013.

3. This removal is timely filed pursuant to 42 U.S.C. § 1446(b).

4. Plaintiffs were employed by MVH pursuant to the terms of a collective bargaining agreement ("CBA"). That CBA included a grievance procedure, which required employees to

file grievances with MVH regarding any disputes concerning their employment. The grievance procedure provided for disputes to be resolved via a series of steps, culminating in arbitration. In addition, the CBA included a provision providing that employees could not be terminated from employment absent "just cause."

5. In paragraphs 51 and 52 of the Complaint, Plaintiffs allege that they participated in an arbitration with MVH and that the arbitrable issue was whether Plaintiffs were terminated for just cause. The arbitration was held pursuant to the CBA between Plaintiffs' union and the MVH.

6. In the Complaint filed in state court, Plaintiffs claim that both Defendants unlawfully terminated their employment (Count I), defamed them (Count II), inflicted emotional distress upon them (Count IV),[1] and that Defendant Lovallo interfered with their employment relationship with MVH (Count III). The only employment relationship Plaintiffs had with MVH was pursuant to the CBA. Further, some or all of the allegedly defamatory statements and alleged behavior were made, if at all, in the course of the grievance and arbitration procedure referenced above and the terminations were arbitrated pursuant to that procedure.

7. Section 301 of the Labor Management Relations Act confers federal jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce…." 29 U.S.C. § 185(a).

8. This action is removable to this Court pursuant to 28 U.S.C. § 1441 because some, if not all, of Plaintiffs' alleged claims arise under and require interpretation of the CBA, and are completely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA").

---

[1] The Complaint fails to state whether the alleged infliction of emotional distress was "negligent" or "intentional."

9. Accordingly, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and this action may be removed to this Court pursuant to 28 U.S.C. § 1441. In addition, the Court has supplemental jurisdiction over any of the remaining claims set forth in the Complaint, pursuant to 28 U.S.C. § 1367.

10. This Court is the District of the United States for the district embracing place where the state court action is pending, and therefore it is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

11. This Notice of Removal is filed within 30 days of the receipt by Defendants of Plaintiffs' Complaint, as required by 28 U.S.C. § 1446(b).

12. A copy of all process, pleadings, and orders served upon Defendants in the Superior Court action is attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

13. A written notice of the filing of this Notice of Removal is being provided to counsel for Plaintiffs, a copy of this Notice of Removal is being provided to counsel for Plaintiffs, and a copy of this notice is being filed with the clerk of the Superior Court of the Commonwealth of Massachusetts, Essex County, pursuant to 28 U.S.C. § 1446(d).

14. Defendants will file a certified or attested copy of all records and proceedings and all docket entries filed in the state court within 28 days, pursuant to Local Rule 81.1.

15. In filing this Notice of Removal, Defendants do not waive any defects in service of process, venue or personal jurisdiction.

WHEREFORE, Defendants respectfully request that this matter proceed as an action properly removed to the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts, Essex County.

Dated: June 6, 2013 /s/ Jeffrey A. Dretler
Jeffrey A. Dretler, Esq., BBO #558953
jdretler@laborlawyers.com
Katharine A. Crawford, Esq., BBO #624192
kcrawford@laborlawyers.com
FISHER & PHILLIPS LLP
200 State Street, 13th Floor
Boston, MA 02109
(617) 722-0044

Attorneys for Defendants Merrimack Valley Hospital, A Steward Family Hospital, Inc., and Diane Lovallo

# CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for Defendants Merrimack Valley Hospital, A Steward Family Hospital, Inc., and Diane Lovallo hereby certify that the foregoing Notice of Removal was served this day by mailing a true copy via first-class mail, postage prepaid to:

Matthew Fogelman, Esq.
Fogelman & Fogelman LLC
100 Wells Avenue
Newton, MA 02459

Dated: June 6, 2013

/s/ Jeffrey A. Dretler
Jeffrey A. Dretler, Esq., BBO #558953
jdretler@laborlawyers.com
Katharine A. Crawford, Esq., BBO #624192
kcrawford@laborlawyers.com
FISHER & PHILLIPS LLP
200 State Street, 13th Floor
Boston, Massachusetts 02109
(617) 722-0044

Attorneys for Defendants Merrimack Valley Hospital, A Steward Family Hospital, Inc., and Diane Lovallo